# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE GUILLORY,<br><br>   Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>   Defendant. | Case No. CV 11-6936 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Michelle Guillory ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinions of her treating physician, Dr. Ben Tantayanubutr. (Joint Stip. at 6-10, 12-13.) The Court agrees with Plaintiff for the reasons discussed below.

   A.   <u>An ALJ Must Provide Specific and Legitimate Reasons to Reject the Contradicted Opinion of a Treating Physician</u>

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex rel. Benton v. Barnhart*,

1  331 F.3d 1030, 1036 (9th Cir. 2003).  This is so because a treating physician "is
2  employed to cure and has a greater opportunity to know and observe the patient as
3  an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).
4  Where the "treating doctor's opinion is contradicted by another doctor, the
5  [ALJ] may not reject this opinion without providing specific and legitimate reasons
6  supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal
7  quotation marks and citation omitted).  The ALJ can meet the requisite specific and
8  legitimate standard "by setting out a detailed and thorough summary of the facts and
9  conflicting clinical evidence, stating his interpretation thereof, and making findings."
10 *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks
11 and citation omitted).

12      B.      The ALJ Failed to Provide Specific and Legitimate Reasons for
13              Rejecting Dr. Tantayanubutr's Treating Opinion

14  Here, the ALJ gave *two* reasons for discrediting Dr. Tantayanubutr's April 21,
15 2009 opinion.  (*See* Administrative Record ("AR") at 26; *see also* AR at 603-04.)
16 The Court discusses – and rejects – both of those reasons below.
17  First, the ALJ found that Dr. Tantayanubutr's opinion was "not consistent
18 with the objective findings."  (AR at 26.)  Nothing, however, was offered to
19 substantiate this conclusion.[1/]  Indeed, even a cursory review of Dr. Tantayanubutr's
20 records reveals at least *some* objective support for his April 21, 2009 opinion, which
21 assessed Plaintiff's physical limitations based upon medical evidence of
22 degenerative disc disease and fibromyalgia.  (*Compare* AR at 603-04 (Dr.

---

[1/]  The brevity of the ALJ's assessment of the medical evidence should also be briefly noted here.  Put simply, the ALJ rejected the opinions of both Dr. Tantayanubutr and Dr. Gregg Sobeck in a single sentence with no citations to the record.  (*See* AR at 26.)  On its face, this assessment runs afoul of the specific and legitimate standard, which, at minimum, requires a recitation of the conflicting clinical evidence and an explanation of why one opinion is more credible than the other.  *See Magallanes*, 881 F. 2d at 751.

Tantayanubutr's opinion) *with* AR at 251-53 (December 2, 2008 record finding fibromyalgia and "[d]iffuse muscular aches to palpation over the back"), 254-55 (October 23, 2008 diagnosis of fibromyalgia), 270-71 (May 9, 2008 diagnosis of fibromyalgia), 435-37 (January 5, 2009 diagnosis of "degeneration of lumbar or lumbrosacral intervertebral disc"), 470-72 (March 24, 2008 report noting "DDD," or degenerative disc disease).) In light of such supporting evidence, the Court must reject the ALJ's reasoning here.

Second, the ALJ found that Dr. Tantayanubutr's opinion was inconsistent with the record as a whole. (AR at 26.) But, yet again, the opposite appears to be true here: the record does, in fact, generally support Dr. Tantayanubutr's findings of degenerative disc disease and fibromyalgia. (*Compare* AR at 603-04 (April 21, 2009 opinion) *with* 249-50 (July 14, 2008 report by Dr. Ajay Masih reviewing MRI results, and finding fibromyalgia and degenerative disc disease), 256-57 (October 9, 2008 report by Dr. Linda Scaramella Croad finding fibromyalgia), 272-73 (Dr. Syed Amjad Hasan finding fibromyalgia).) Indeed, even the consultative examiner, Dr. Rajeswari Kumar, echoed these same diagnoses. (*See* AR at 619 (finding fibromyalgia and "[d]egenerative disk [disease] of the lumbar spine").) Thus, this reason also fails to qualify as a specific and legitimate one.

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly discredited the opinion of Dr. Tantayanubutr.

C.   Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find

plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, in light of the ALJ's error, Dr. Tantayanubutr's credibility must be properly assessed. Therefore, on remand, the ALJ shall reevaluate the opinions of Dr. Tantayanubutr and either credit them as true, or provide valid reasons for any portion that is rejected.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[2]

Dated: February 6, 2013

_____

Hon. Jay C. Gandhi

United States Magistrate Judge

---

[2] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 3-6, 13-18, 20-28.)